[J-119A&B-2016] [MO: Wecht, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN RE:  ADOPTION OF: L.B.M., A MINOR | : | No. 84 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: J.P., MOTHER | : | Court at 1834 MDA 2015 dated May 31, |
| | : | 2016 Affirming the Order of the Court of |
| | : | Common Pleas of Franklin County, |
| | : | Orphan's Court Division, at 42-ADOPT- |
| | : | 2014 dated September 25, 2015. |
| | : | |
| | : | ARGUED:  December 6, 2016 |
| | | |
| IN RE: ADOPTION OF: A.D.M., A MINOR | : | No. 85 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| APPEAL OF: J.P., MOTHER | : | Court at 1835 MDA 2015 dated May 31, |
| | : | 2016 Affirming the order of the Court of |
| | : | Common Pleas of Franklin County, |
| | : | Orphans Division, at 41-ADOPT-2014 |
| | : | dated September 25, 2015. |
| | : | |
| | : | ARGUED:  December 6, 2016 |

## DISSENTING OPINION

**JUSTICE BAER**                                    **DECIDED:  March 28, 2017**

I join Justice Mundy's dissenting opinion.  I write separately to explain my reasoning and to set forth a recommended course of action for trial courts.

As has been noted, this case requires our interpretation of Section 2313(a) of the Adoption Act:

> § 2313. Representation
> (a) Child. - The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to

represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a). I agree with my colleagues that the first sentence of Section 2313(a) requires a trial court to appoint counsel to represent the child in a contested termination proceeding. The question raised by this case, however, is whether a trial court must appoint a separate attorney as counsel for the termination proceeding or whether an attorney then serving as the child's guardian *ad litem* (GAL) in the related dependency proceedings (hereinafter, for clarity, "GAL Attorney") may continue to serve in a dual capacity representing both the best interests and the legal interests of the child, assuming the interests do not conflict.[1]

Notably, the first sentence of Section 2313(a) is silent as to whether the appointed counsel may be the same individual who serves as the GAL Attorney in the dependency proceedings. I agree with Justice Mundy that the second sentence of Section 2313 does not answer this question as it instead addresses the child's representation in "any other proceedings" under the Adoption Act other than a contested termination proceeding, which is addressed by the first sentence of the section.

Section 2313(a)'s differentiation of the representation requirements is understandable given the significance to the child and finality of the termination of parental rights. While the General Assembly mandates in the first sentence of Section 2313(a) that a child be represented by counsel in a contested termination proceeding, the second sentence of the provision allows, but does not require, representation by either counsel or a GAL (who does not have to be an attorney under the Adoption Act)

---

[1] The representation provisions allowing for a GAL Attorney to serve in a dual capacity in dependency actions are set forth *infra* at 3-4.

in other proceedings such as uncontested adoption proceedings. The fact that a GAL may be appointed in other proceedings, however, does not address whether a GAL Attorney may satisfy the requirement that counsel be appointed for purposes of the first sentence addressing a contested termination of parental rights proceeding.

While the Adoption Act does not speak to whether a GAL Attorney can serve as the appointed counsel under Section 2313(a) in contested termination proceedings, Section 6311 of the Juvenile Act specifically provides for a GAL Attorney to serve in a dual capacity in dependency proceedings. 42 Pa.C.S. § 6311. For specified categories of dependent children, Section 6311(a) requires that the court "appoint a guardian ad litem to represent the legal interests and the best interests of the child," and mandates that "[t]he guardian ad litem must be an attorney at law." 42 Pa.C.S. § 6311(a).[2] Subsection 6311(b) requires that the GAL Attorney represent "the legal interests and the best interests of the child at every stage of the proceedings" and sets forth the duties of the GAL Attorney, which include traditional responsibilities of legal counsel.[3]

---

[2] In full, Section 6311(a) provides:

> (a) Appointment.--When a proceeding, including a master's hearing, has been initiated alleging that the child is a dependent child under paragraph (1), (2), (3), (4) or (10) of the definition of "dependent child" in section 6302 (relating to definitions), the court shall appoint a guardian ad litem to represent the legal interests and the best interests of the child. The guardian ad litem must be an attorney at law.

42 Pa.C.S. § 6311(a).

[3] In relevant part, Section 6311(b) imposes the following duties upon the GAL Attorney that invoke standard duties of legal counsel:

> (b) Powers and duties.--The guardian ad litem shall be
> charged with representation of the legal interests and the

(continued…)

Significantly, Subparagraph 6311(b)(9), in its original form, imposes on the GAL Attorney the following duty in regard to the child's legal interest:

(…continued)

best interests of the child at every stage of the proceedings and shall do all of the following:

(1) Meet with the child as soon as possible following appointment pursuant to section 6337 (relating to right to counsel) and on a regular basis thereafter in a manner appropriate to the child's age and maturity.

\* \* \* \*

(5) Interview potential witnesses, including the child's parents, caretakers and foster parents, examine and cross-examine witnesses and present witnesses and evidence necessary to protect the best interests of the child.

\* \* \* \*

(7) Make specific recommendations to the court relating to the appropriateness and safety of the child's placement and services necessary to address the child's needs and safety.

\* \* \* \*

(9) Advise the court of the child's wishes to the extent that they can be ascertained and present to the court whatever evidence exists to support the child's wishes. When appropriate because of the age or mental and emotional condition of the child, determine to the fullest extent possible the wishes of the child and communicate this information to the court. A difference between the child's wishes under this paragraph and the recommendations under paragraph (7) shall not be considered a conflict of interest for the guardian ad litem.

42 Pa.C.S. § 6311.

(9) Advise the court of the child's wishes to the extent that they can be ascertained and present to the court whatever evidence exists to support the child's wishes. When appropriate because of the age or mental and emotional condition of the child, determine to the fullest extent possible the wishes of the child and communicate this information to the court. *A difference between the child's wishes under this paragraph and the recommendations under paragraph (7) [addressing recommendations for the child's placement and necessary services] shall not be considered a conflict of interest for the guardian ad litem.*

42 Pa.C.S. § 6311 (emphasis added).

Notably, this Court suspended the italicized last sentence of Section 6311(b)(9) countenancing a conflict of interest between the child's wishes and the GAL Attorney's best interest recommendations pursuant to Pennsylvania Rule of Juvenile Court Procedure 1800(3).[4] Rule 1800(3) suspended Section 6311(b)(9) to the extent it conflicted with Pa.R.J.C.P. 1151 and 1154. Rule 1151 instructs courts when to appoint a GAL Attorney and when to appoint counsel. As relevant to this case, a GAL Attorney should be assigned when a child "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the

---

[4] Rule 1800(3) provides as follows:

(3) The Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 6311(b)(9), which provide that there is not a conflict of interest for the guardian *ad litem* in communicating the child's wishes and the recommendation relating to the appropriateness and safety of the child's placement and services necessary to address the child's needs and safety, is suspended only insofar as the Act is inconsistent with Rules 1151 and 1154, which allows for appointment of separate legal counsel and a guardian *ad litem* when the guardian *ad litem* determines there is a conflict of interest between the child's legal interest and best interest.

Pa.R.J.C.P. 1800(3).

physical, mental or emotional health, or morals," a classification which corresponds to one of the definitions of a dependent child under the Juvenile Act. Pa.R.J.C.P. 1151(A)(1); 42 Pa.C.S. § 6302 ("Dependent Child")(1). In turn, Rule 1154 provides the duties of a GAL Attorney, which mirror the duties established by Section 6311 of the Juvenile Act, absent the suspended last sentence of subparagraph 9, addressing potential conflicts of interest for the GAL Attorney.

In place of the final sentence, the comment to Rule 1154 provides, "If there is a conflict of interest between the duties of the guardian *ad litem* pursuant to paragraphs (7) and (9), the guardian *ad litem* for the child may move the court for appointment as legal counsel and assignment of a separate guardian *ad litem* . . . ." Pa.R.J.C.P. 1154, cmt.[5] It further explains that "If there is not a conflict of interest, the guardian *ad litem*

---

[5] The comment to Rule 1154 provides in relevant part as follows:

> *Comment:* If there is a conflict of interest between the duties of the guardian *ad litem* pursuant to paragraphs (7) and (9), the guardian *ad litem* for the child may move the court for appointment as legal counsel and assignment of a separate guardian *ad litem* when, for example, the information that the guardian *ad litem* possesses gives rise to the conflict and can be used to the detriment of the child. If there is not a conflict of interest, the guardian *ad litem* represents the legal interests and best interests of the child at every stage of the proceedings. 42 Pa.C.S. § 6311(b). To the extent 42 Pa.C.S. § 6311(b)(9) is inconsistent with this rule, it is suspended. *See* Rules 1151 and 1800. *See also* Pa.R.P.C. 1.7 and 1.8.

> "Legal interests" denotes that an attorney is to express the child's wishes to the court regardless of whether the attorney agrees with the child's recommendation. "Best interests" denotes that a guardian *ad litem* is to express what the guardian *ad litem* believes is best for the child's care, protection, safety, and wholesome physical and mental development regardless of whether the child agrees.

(continued…)

represents the legal interests and best interests of the child at every stage of the proceedings. 42 Pa.C.S. § 6311(b)." Pa.R.J.C.P. 1154, cmt. Thus, in dependency proceedings under the Juvenile Act, a GAL Attorney represents both the best interests and legal interests of the child absent a conflict of interest. If there is a conflict of interest, the child must have a GAL representing her best interests and separate legal counsel representing legal interests. This provision is consistent with Pennsylvania's Rules of Professional Conduct which forbid an attorney from representing a client "if the representation involves a concurrent conflict of interest." Pa.R.P.C. 1.7(a) (entitled "Conflicts of Interest: Current Clients").

I see no obstacle to this system of representation being applied for purposes of a child's representation in contested termination proceedings under the first sentence of Section 2313(a) of the Adoption Act. Indeed, as contested termination proceedings generally arise from dependency proceedings, I conclude that the statutory representation provisions for children subject to both proceedings should be read *in pari materia*. 1 Pa.C.S. § 1932 (providing that statutes that "relate to the same persons or things or to the same class of persons or things" "shall be construed together, if possible, as one statute").

Indeed, reading the representation provisions consistently allows the child to have continuity of representation between the dependency and termination proceedings.[6] As in the dependency proceedings, if a conflict of interest exists between

(…continued)
Pa.R.J.C.P. 1154, cmt.

[6] The Majority suggests that confusion could result if the GAL Attorney from the dependency proceedings was appointed to advocate for the child's legal interests in the termination proceedings. Maj. Op. at 14. Respectfully, I fail to see how confusion would result given that the GAL Attorney has been representing both the legal interests and the best interests of the child throughout the dependency proceedings. Rather than (continued…)

the child's best and legal interests, the GAL Attorney, who is subject to the Rules of Professional Conduct, must move for the appointment of a separate individual to allow separate representation of the best interests and legal interests. See Pa.R.P.C. 1.7. As I conclude that no universal disqualifying impediment exists to prevent a dependency proceeding GAL Attorney from continuing to represent the child's legal and best interests in a termination proceeding, I concur with Justice Mundy in holding that the trial court did not err in refusing to appoint a new individual as counsel.

Nevertheless, I am troubled that an affirmance of the trial court's denial of the motion to appoint counsel could be misconstrued as not requiring the appointment of counsel in contested termination proceedings. Indeed, I agree with the Majority that lack of counsel for the child would result in a structural error in a termination proceeding. Maj. Op. at 16-17. As such, it would be a better practice for courts in every contested termination proceeding to place an order on the record formalizing the appointment of counsel to highlight for all parties the responsibility for the representation of the child's legal interests, while simultaneously permitting that attorney to serve as the child's GAL so long as there is no conflict of interest between the child's legal and best interests.

As applied to this case, it would have been preferable for the trial court to have formally appointed the GAL as the child's counsel for the termination proceedings and cited the first (as opposed to second) sentence of Section 2313(a). I refuse, however, to promote form over substance and deny permanency to A.D.M based upon the trial court's technically improper order denying the appointment of counsel. Instead, I

---

(…continued)
confusion, allowing the *status quo* representation to continue would provide continuity for the child, especially because the dependency proceedings, as noted by the Majority, may overlap with the termination proceedings. If a conflict of interest exists, the GAL Attorney would be obligated to seek appointment of a separate individual as occurs under the dependency procedures.

conclude that the trial court was correct in denying Mother's motion because Mother sought not the appointment of counsel generally, but instead requested the appointment of "independent counsel." Motion to Appoint Counsel for the Child [A.D.M.]. As I have stated above, Section 2313(a), in my view, does not mandate the appointment of counsel distinct from the GAL Attorney serving in the same dual capacity in the dependency proceedings, absent a conflict of interest between the child's best interests and legal interests.

Moreover, the record does not support Mother's assertion that a conflict of interest existed between A.D.M's legal and best interests during the second termination proceeding, which would have required the GAL to move for the appointment of separate counsel. A conflict of interest may have existed during the first termination proceeding in 2014 when the GAL recommended that termination was in A.D.M's best interest in contrast to A.D.M's articulated desire to be reunited with Mother. However, by the time of the second termination proceeding, A.D.M expressed a desire to live with his foster parents. He first noted that it was "a really hard decision because they both care about me. But my mom doesn't act like it." N.T., 9/15/2015, at 10. He then stated that he would "probably go with" his foster parents because he felt "like [his] mom's not safe because she could probably do drugs again," which he recognized would result in yet another removal of him and his younger brother. Id. at 11. In contrast he noted that living with his foster parents "would be pretty good because they're a good family and they take good care of me." Id. at 17. He also clearly expressed his desire for permanency, noting that he had been "in foster care for a really long time [and had] been switching around with foster families a lot." Id. Understandably, he hoped that if he was placed with his foster parents that his mom's "family could connect with the

[foster family], the whole entire family."[7]  Id. at 18.  Thus, I agree with the trial court that A.D.M's legal interests were consistent with the GAL's view of his best interests during the relevant second termination proceeding.

Therefore, I respectfully dissent from the remand and would affirm the termination of Mother's parental rights.

Justice Mundy joins this dissenting opinion.

---

[7] Likewise, he expressed a wish to maintain contact with his foster family if placed with his mother.